NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000608
26-APR-2017
10:48 AM

NO. CAAP-16-0000608

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GLENN JENKS,
Claimant-Appellant/Appellee,
v.
PACIFIC OHANA HOSTEL CORPORATION,
Employer-Appellee/Appellant,
and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY,
Insurance Carrier-Appellee/Appellant

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEAL BOARD
(CASE NO. AB 2015-075; DCD NO. 2-14-03659)

ORDER DISMISSING THE APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of record, it appears that we lack

jurisdiction over this appeal that Employer-Appellee/Appellant

Pacific Ohana Hostel Corporation and Insurance Carrier-

Appellee/Appellant Hawaii Employers' Mutual Insurance Company

have asserted from the Labor and Industrial Relations Appeals

Board's (**LIRAB's**) August 4, 2016 Decision and Order because the

Decision and Order is not independently appealable.

Pursuant to Hawaii Revised Statutes (**HRS**) §§ 386-88 (Repl. 2015) and 91-14(a) (Repl. 2012), an aggrieved party may appeal a final decision and order by the LIRAB directly to the Intermediate Court of Appeals:

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citations and some internal quotation marks omitted). The August 4, 2016 Decision and Order did not end the proceedings before the LIRAB and leave nothing further to be accomplished. According to the record on appeal, the LIRAB has yet to enter a final order that finally adjudicates the substantive issues in Claimant-Appellant/Appellee Glenn Jenks's administrative appeal in case number AB 2015-074, which is still pending before the LIRAB. Therefore, the Decision and Order is not an appealable, final order under HRS §§ 386-88 and 91-14(a).

Although exceptions to the final order requirement exist under the doctrine enunciated in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine) and the collateral order doctrine, the Decision and Order does not satisfy the requirements for appealability under either doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the

Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). Absent an appealable, final decision and order by the LIRAB, we lack jurisdiction over this appeal.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000608 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 26, 2017.

Presiding Judge

Associate Judge

Associate Judge